**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4265**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY BURRIS, a/k/a Jeffrey M. Burris,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:17-cr-00099-1)

Submitted:  October 23, 2018                          Decided:  November 7, 2018

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Burris appeals the 60-month sentence imposed following his guilty plea to possession of unregistered firearms, 26 U.S.C. § 5861(d) (2012). Burris contends that his within-Guidelines sentence is unreasonable. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the applicable Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* If we find no significant procedural error, we examine the substantive reasonableness of the sentence under the "totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). To successfully challenge substantively reasonableness, an appellant must rebut this "presumption . . . by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.*

Burris' 60-month sentence falls within the correctly calculated Guidelines range of 57-71 months and is presumptively reasonable. In imposing sentence, the district court addressed the various statutory factors. The court was especially concerned about the serious nature of the offense, which involved the possession of 14 unregistered firearms, some of which Burris had concealed in woods, and Burris' lengthy criminal history, which included two assaults and two offenses related to weapons. The court observed

2

that prior terms of probation had not had the intended deterrent effect. We find nothing in the record to support the claim that the sentence is unreasonable when measured against the statutory sentencing factors.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*